Dear Director Moore:
This opinion is in response to your question asking:
 Can the Director of the Division of Adult Institutions utilize lethal injection, pursuant to Section 546.720 — 546.750 of combined House Bill Nos. 1340 and 1348 to carry out the execution of those sentenced to death prior to the effective date of House Bill Nos. 1340 and 1348?
Section 546.720 as enacted by Conference Committee Substitute for Senate Committee Substitute for House Committee Substitute for House Bills Nos. 1340 1348, 84th General Assembly, Second Regular Session (1988) (hereinafter "HB 1340 
1348") provides:
 546.720. The manner of inflicting the punishment of death shall be by the administration of lethal gas or by means of the administration of lethal injection. And for such purpose the director of the division of adult institutions is hereby authorized and directed to provide a suitable and efficient room or place, enclosed from public view, within the walls of a correctional institution controlled by the division of adult institutions, and the necessary appliances for carrying into execution the death penalty by means of the administration of Lethal gas or by means of the administration of lethal injection. (Emphasis added.)
The provisions highlighted above by underlining authorizing the administration of lethal injection were added in 1988 by HB 1340 1348. HB 1340 1348 was effective August 13, 1988.
A similar issue arose when the Missouri statutes were amended to provide for execution of the sentence of death by the administration of lethal gas rather than by hanging. In Statev. Brown, 112 S.W.2d 568 (Mo. 1937), which considered the statutory change from execution by hanging to execution by the administration of lethal gas, the Missouri Supreme Court held that a change in the method of carrying out a sentence of death did not affect a change in the punishment but merely abated "some of the odious features incident to the old method." The court stated:
 If, therefore, the change in the law under discussion did not affect any substantial rights of the defendant, either constitutional or statutory, but was passed for the purpose of providing a more humane manner of inflicting the death penalty, why should the new statute not apply to those cases pending at the time the change went into effect? Such statutes, as the above cases disclose, are not derogatory of any right a defendant had prior to the enactment thereof. In nature they are procedural, not substantive, and operate prospectively. The changes are intended to be a benefit and not a detriment. . . . As the Supreme Court of the United States said in the Malloy Case, supra: "The punishment was not increased, and some of the odious features incident to the old method were abated."
* * *
 We therefore hold that it was the intent and purpose of the Legislature of this state that the infliction of the death penalty under the laws of this state, after the taking effect of the new act, should be carried out under the method prescribed by the new act.
Id. at 571.
We believe that the opinion of the court in Brown
controls in the present circumstance. The apparent motivating factor behind the current legislative change is the same as the one cited by the Brown court, to remove "some of the odious features incident to the old method." Thus, the conclusion inBrown that the sentence may be carried out in accordance with the current statutory method applies here.
CONCLUSION
It is the opinion of this office that lethal injection may be used to carry out the execution of those sentenced to death prior to the effective date of Section 546.720 as enacted by Conference Committee Substitute for Senate Committee Substitute for House Committee Substitute for House Bills Nos. 1340 1348, 84th General Assembly, Second Regular Session (1988).
Very truly yours,
 WILLIAM L. WEBSTER Attorney General